IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ERIC ANDRE JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CV 99-AR-1333-M |
| | ) | |
| RON JONES, Warden; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

**ENTERED**
**SEP 11 2000**

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in the above-styled cause on June 12, 2000, recommending that this petition for writ of habeas corpus be dismissed as time-barred under the provisions of 28 U.S.C. § 2244(d). After being given an extension of time to file objections to the report and recommendation, petitioner did file objections on July 28, 2000. Having now carefully reviewed and considered *de novo* all the materials in the court file, the court concludes that the petitioner's objections to the report and recommendation are due to be and hereby are OVERRULED and that, as amended and modified herein, the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation ACCEPTED.

The ultimate conclusion reached by the magistrate judge is that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d). While the court agrees with that conclusion, the court disagrees with the calculation of the time periods reflected in the report and recommendation. Nonetheless, even as correctly calculated, the petition is time-barred.

The magistrate judge correctly noted that the petitioner's conviction was affirmed by the Alabama Court of Criminal Appeals on May 24, 1996, and that his petition for writ of certiorari in the Alabama Supreme Court was denied on September 6, 1996. The court disagrees, however, that petitioner's conviction became "final" for purposes of § 2244(d) on that date. Rather, the conviction became final only upon the expiration of ninety additional days during which time petitioner could have (but did not) file a petition for writ of certiorari in the United States Supreme Court. See Rhine v. Boone, 182 F.2d 1153 (10th Cir. 1999), and cases cited therein. Thus, petitioner's conviction did not become final until December 5, 1996, at which time the one-year limitation period began to run. Over ten months later, on October 9, 1997, petitioner filed his state post-conviction collateral attack pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. At that point, the running of the one-year

limitation period was tolled during the pendency of that collateral attack. That proceeding ended when the Alabama Court of Criminal Appeals affirmed the denial of Rule 32 relief on March 6, 1998. On that date, the <u>remainder</u> of the one-year limitation period began to run again. Because ten months and four days elapsed <u>prior</u> to the filing of the Rule 32 petition, only approximately one month and twenty-six days remained on the rest of the limitation period. The instant petition for writ of habeas corpus was not filed until May 25, 1999, more than an additional year after the completion of his state collateral proceedings. Thus, whether one gives the petitioner only the remaining two months of limitation period after the completion of his state collateral proceedings or gives him an entire year following that completion, the habeas petition now before the court was untimely in either event. Consequently, the petition is due to be dismissed as time-barred under 28 U.S.C. § 2244(d), as recommended by the magistrate judge.

DATED this 11th day of September, 2000.

WILLIAM M. ACKER, JR.
SENIOR U.S. DISTRICT JUDGE